IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TONY L. BARNES**                                                                   **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:24-CV-340-CWR-LGI**

**DIANE FULLER, ET AL**                                         **DEFENDANTS**

## ANSWER TO COMPLAINT

COME NOW Defendants, Diane Fuller, Sharon Cable, Lawyer "Joe" Thigpen, and Semekia Cubit, by and through counsel, and file their Answer to the Complaint filed by Plaintiff Tony L. Barnes and in support thereof would show unto the Court the following to-wit:

### FIRST DEFENSE

Defendants would show unto the Court that Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendants would assert all defenses for which a good faith basis exists under Rule 12 of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

Defendants would answer the Complaint filed by Plaintiff as follows:

1. Defendants admit that this Court has jurisdiction over the parties and the subject matter herein. Defendants would deny all other allegations contained in paragraph 1.

2. Defendants would admit the Southern District of Mississippi is an appropriate venue for this matter.

3. Defendants admit that Plaintiff has been detained at the Copiah County Detention Center but denay all other allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

5.     Defendants denies the allegations contained in paragraph 5. Defendants would admit that there is a corrections officer at the Copiah County Detention Center named Sharon Cable and that is believed to be who the Plaintiff is referring to.

6.     Defendants admit the allegations contained in paragraph 6.

7.     Defendants deny the allegations contained in paragraph 7 as there is no Ms. Swiley employed as a Corrections Nurse at the Copiah County Detention Center. There is a Mrs. Cubit and Defendants believe that is who Plaintiff is referring to.

8.     Defendants admit the allegations contained in paragraph 8.

9.     Defendants deny the allegations contained in paragraph 9.

10.    Defendants deny the allegations contained in paragraph 10.

11.    Defendants deny the allegations contained in paragraph 11.

12.    Defendants deny the allegations contained in paragraph 12.

13.    Defendants deny the allegations contained in paragraph 13.

14.    Defendants deny the allegations contained in paragraph 14.

15.    Defendants deny the allegations contained in paragraph 15.

16.    Defendants deny the allegations contained in paragraph 16 as there is no Ms. Swiley employed as a nurse at the Copiah County Detention Center.

17.    Defendants deny the allegations contained in paragraph 17.

18.    Defendants admit that Plaintiff was taken to the hospital but is without information as to the remaining allegations contained in paragraph 18 and would, therefore, deny said allegations.

19.    Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 19 of the Complaint filed by Plaintiff Tony L. Barnes and would, therefore deny said allegations.

20. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 of the Complaint filed by Plaintiff Tony L. Barnes and would, therefore deny said allegations.

21. Defendants have no knowledge of the identity of the "Mrs. Swiley" Plaintiff refers to in paragraph 21 and would, therefore, deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

Defendants deny the allegations contained in the unnumbered paragraph beginning "Wherefore,".

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants, having fully answered the Complaint, would assert the following affirmative defenses:

## FOURTH DEFENSE

Plaintiff's own actions solely caused or, in the alternative, contributed to all damages, if any, suffered by Plaintiff and for which he seeks recovery herein.

## FIFTH DEFENSE

All Defendants herein have qualified immunity and Plaintiff has alleged no action for

which said qualified immunity does not apply.

## SIXTH DEFENSE

Defendants assert all privileges and immunities available to it as set forth in the United States Constitution and/or Mississippi Constitution and supporting/interpretive federal or state common law.

## SEVENTH DEFENSE

Defendants would show that at all times they have acted in good faith and without malice or reckless disregard of any rights held by Plaintiff.

## EIGHTH DEFENSE

Defendants would plead all applicable statutes of limitations.

## NINTH DEFENSE

Nothwithstanding that Defendants' actions were reasonable and that Defendants enjoy qualified immunity, Plaintiff has failed to show any causal connection or proximate cause between any action of the Defendants and the damages sustained by Plaintiff.

## TENTH DEFENSE

Plaintiff has failed to identify any right that Defendants' actions violated.

## ELEVENTH DEFENSE

Defendants would show that Plaintiff has failed to allege acts which would make attorney's fees or costs of court recoverable.

## TWELFTH DEFENSE

Defendants would show that Plaintiff has failed to allege acts which would make punitive damages recoverable. Defendants would further assert the protections of the Mississippi and the United States Constitutions as regards the assessment of punitive damages, if any.

WHEREFORE, PREMISES CONSIDERED Defendants pray that this their Answer to

the Complaint filed by Tony L. Barnes be accepted and filed and that upon the proper hearing thereon that same will be dismissed with prejudice.

This the 5 day of February, 2025.

Respectfully submitted,

DIANE FULLER, SHARON CABLE, LAWYER "JOE" THIGPEN, AND SEMEKIA CUBIT, DEFENDANTS

By: _____
ATTORNEY FOR DEFENDANTS

ELISE B. MUNN (MSB #9654)
BERRY & MUNN, P.A.
P.O. BOX 768
201 DOWNING STREET
HAZLEHURST, MS 39083
TELEPHONE:  (601) 894-4150
FACSIMILE:  (601) 894-4717

## CERTIFICATE OF MAILING

I, Elise B. Munn, attorney for the Defendants, do hereby certify that I have this date mailed in the United States mail, postage pre-paid, a true and correct copy of the foregoing Answer to Complaint to the following:

**Tony L. Barnes**
**P.O. Box 547**
**Hazlehurst, Mississippi 39083**

This, the _5_ day of February, 2025.

_____
ELISE B. MUNN