IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TONY L. BARNES**                                                                                                    **PLAINTIFF**

V.                                                                                          CIVIL NO. 3:24-cv-340-CWR-LGI

**OFFICER DIANE FULLER,**
**OFFICER SHARON CABLE,**
**OFFICER LAWYER DARNELL "JOE" THIGPEN,**
**NURSE SEMEKIA CUBIT and**
**OFFICER MARK UNKNOWN**                                                               **DEFENDANTS**

## OMNIBUS ORDER SETTING DEADLINES

This cause is before the Court sua sponte for purposes of case management. The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on October 15, 2025. Plaintiff Tony L. Barnes appeared pro se and attorney Elise Munn appeared on behalf of Defendants Fuller, Cable, Thigpen, and Cubit. Plaintiff is proceeding *in forma pauperis*, and his Complaint is subject to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2).

The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It served as a *Spears* hearing, and a scheduling, discovery, status, and pre-trial conference under Fed. R. Civ. P. 16. After considering the issues involved, the Court finds as follows:

1.     JURISDICTION AND SUMMARY OF CLAIMS

Plaintiff brings this Complaint under 42 U.S.C. § 1983, against Officer Diane Fuller, Officer Sharon Cable, Officer Lawyer Darnell "Joe" Thigpen, Nurse Semekia Cubit, and Officer Mark Unknown. Plaintiff's allegations arise from his confinement at the Copiah

County Jail in Hazlehurst, Mississippi.

The allegations below are drawn from Plaintiff's sworn testimony at the omnibus hearing.[1]  These claims and allegations are those remaining before the Court, and no further amendment to the pleadings will be allowed absent a showing of good cause.

Plaintiff claims he received constitutionally-inadequate medical care while housed for pending charges at the Copiah County Jail.  Plaintiff testified that on August 27, 2022, around 10:30 am, he began experiencing pain in the middle and left side of his stomach.  Plaintiff described the pain as really bad and like nothing he experienced before.  Plaintiff testified that within ten to 15 minutes he submitted a completed sick call form requesting medical attention ASAP.  Plaintiff testified that he utilized the intercom button to speak to jail personnel and inform them he needed to go to the hospital because of his stomach pain.

Plaintiff testified that Officer Cable came to his cell door, two or three hours later, and made jokes about his pain indicating he just needed to use the bathroom.  Plaintiff detailed his efforts to obtain medical care throughout the day, including having fellow inmates kick on cell doors for attention.  Plaintiff identified an Officer Mark Unknown as the John Doe Defendant and testified that he responded to one of the times fellow inmates were kicking on the cell doors for attention.  Plaintiff testified that Officer Mark believed Plaintiff was the one that had kicked on the door and informed Plaintiff that if he was able to kick the door that there was nothing wrong with him.  Plaintiff testified that Officer Fuller was the

---

[1] *See Hurns v. Parker,* 165 F.3d 24, 24 (5th Cir. 1998) (finding pro se prisoner's claims "made in his original complaint and his brief in support of his § 1983 claim, were not realleged at his *Spears* hearing . . . [t]herefore, these claims were not properly before the district court") (citing *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (holding allegations made at a *Spears* hearing supersede the complaint)).

tower officer from 8 am to 4 pm that day, and she provided him with Tylenol and Tums but would not call the jail nurse.

Plaintiff also testified that Officer Thigpen worked the late shift, and he moved Plaintiff out of his cell to a room in the front of the jail, referred to as the law library, that only had a table and chair in it and no bed or rack to lay on. Plaintiff testified that his pain was so bad he could not sit in the chair, and he was having difficulty breathing. Plaintiff testified that he believed Officer Thigpen was calling people to possibly help Plaintiff, but nothing was done, and he remained in this room on the floor for seven to eight hours. Plaintiff testified that he was not treated by, nor did he see, Nurse Cubit during this time-period at the Copiah County Jail.

Plaintiff testified that at shift change the next morning, around 6 or 7 am, Officer Nadine Sutton took him to the local hospital in Hazlehurst. Plaintiff testified that a CAT scan was performed revealing a ruptured spleen. Plaintiff testified that he was then rushed to a hospital in the City of Jackson where he had emergency surgery. Plaintiff seeks monetary damages.

2.　DISCOVERY ISSUES

The Order Re-Setting Omnibus Hearing [24] directed that Defendants bring copies to the hearing for the Court and Plaintiff of "all official documents regarding Plaintiff's incarceration that are relevant to the issues presented in the Complaint" which "shall include mail logs, incident reports, disciplinary reports, and any other documentation relevant to the issues presented in Plaintiff's Complaint." [24] at 2–3. At the hearing, Defendant's counsel represented that after checking with the sheriff's office she did not locate documents related

to the issues here.  The Court directed counsel to file, within 14-days, a copy of the jail's records retention policy and a response detailing what efforts were taken to locate information and records related to Plaintiff's detention during the relevant time-period.

If a trial is conducted, defense counsel shall provide the Court with a certified copy of Plaintiff's relevant jail records for use as a general exhibit for all parties at trial.  The parties may conduct discovery to be complete on or before **December 16, 2025**.

3.     TRIAL WITNESSES

Counsel provided a copy of the Defendants' Witness and Exhibit Lists to Plaintiff at the hearing and copies were filed on the court docket, *see* [26],[27].  The Court granted Plaintiff an additional 14-days to file his Witness and Exhibit Lists.  *See* Text-Only Order filed October 16, 2025.

As explained to Plaintiff at the hearing, if a trial is conducted, Plaintiff may name up to three inmate witnesses and provide full names and sufficient identifying information so they may be located.  If they are still incarcerated at the time of any trial in this case, the Court may have them transported for the trial.  Plaintiff may secure the voluntary appearance of any non-incarcerated witnesses at trial.  Alternatively, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request that the Court issue a subpoena for a non-incarcerated witness.  Any request for subpoenas should be received by the Court at least 30 days before trial.  If the Court grants the subpoena request, the Court will direct that the United States Marshal's Service serve any such subpoena.

4. <u>MOTIONS DEADLINES</u>

The motion to amend deadline expired on October 1, 2025. *See* Order Re-Setting Omnibus Hearing [24] at 3. Motions related to exhaustion of administrative remedies were due October 8, 2025. *Id*. The deadline for filing any other motions is **January 16, 2026**. Any responses to a motion shall be filed within 14-days of the filing of the motion. A trial date will be set if the motion deadline expires without the filing of any dispositive motions.

IT IS, THEREFORE, ORDERED:

1. That, on or before **October 29, 2025,** Plaintiff shall file his Witness List and Exhibit Lists;

2. That, on or before **October 29, 2025,** Defendants shall file a copy of the Copiah County Jail's records retention policy along with a response detailing the efforts taken to locate records related to Plaintiff's detention (from May 2022 to December 2022);

3. The parties may conduct discovery, if necessary, to be completed on or before **December 16, 2025;**

4. The parties may amend their witness lists 30 days prior to any trial setting;

5. The deadline for filing motions to amend and motions regarding the exhaustion of administrative remedies has expired. All other motions shall be filed on or before **January 16, 2026;** and

6. Plaintiff is warned that his failure to advise this Court of a change of address or failure to comply with any Order of this Court may result in the dismissal of this case without further notice to the Plaintiff.

SO ORDERED, this the 17th day of October, 2025.

                                              s/ *LaKeysha Greer Isaac*
                                              UNITED STATES MAGISTRATE JUDGE